UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DONSURVI CHISOLM, ) | C/A No. 4:15-1806-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| ASSOCIATE WARDEN THOMPSON, CAPT. ) | |
| BRIGHTHART, LT. MILLER, CPL. ) | |
| HAMILTON, OFC. ACKERMAN, UNKNOWN ) | |
| MALE BLACK OFFICER, AND NURSE ) | |
| MARCHELLE K. BROWN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Defendant Brown's partial motion to dismiss as to medical malpractice claims, motion to extend the time to answer, and objection to Plaintiff's motion for entry of default filed July 24, 2015. (Doc. #32). Also before the court is Plaintiff's request for entry of default as to Defendants Ackerman, Brighhart, Hamilton, Miller, Thompson, and Unknown Male Black Officer (Defendants). (Doc. #28).

The Plaintiff filed this action under 42 U.S.C. § 1983[1] on April 28, 2015, alleging violations of his constitutional rights. An order authorizing service was entered on May 19, 2015. The summons was returned executed revealing that Defendant Brown was served *via* certified mail on June 23, 2015, making the answer due on or before July 14, 2015. (Doc. #25). Defendant Brown filed an answer on July 22, 2015. On July 23, 2015, Plaintiff filed a request for entry of default as to Defendant Brown. (Doc. #31). Defendant Brown submitted her affidavit along with affidavits

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

from Capers A. Easterby and Jessica Anderson in support of her request to deny the Plaintiff's motion for entry of default. Defendants filed an objection to the Plaintiff's Request for Entry of Default.

## **Default/ Motion to Enlarge Time to Answer by Defendant Brown**

Defendant Nurse Brown (Nurse Brown) requests that Plaintiff's motion for entry of default be denied. In her affidavit, Nurse Brown attests that she is a registered nurse licensed by the State of South Carolina and has been employed by MedFirst Staffing, LLC, working as a nurse in the South Carolina Department of Corrections (SCDC). (Doc. #32-2). Defendant Brown asserts that she was served with the Summons and Complaint *via* certified mail on June 23, 2015. (Id.). On June 26, 2015, she took the summons and complaint to Associate Warden Thompson because that is where she works as a nurse, and she was not sure of SCDC's procedure for handling suits.  (Id.). Brown was referred to Associate Warden Thompson's assistant who advised her that she did not need to do anything at that time but should wait for further contact from SCDC.  (Id.).  Therefore, based on the conversation with the Associate Warden's assistant, Nurse Brown believed SCDC would handle the lawsuit and respond on her behalf.   (Id.). On or about July 8, 2015, Brown was contacted via telephone by counsel for the SCDC Defendants advising her that because she was not an SCDC employee, she would need to provide the suit papers to MedFirst so it could notify its insurance company.  (Id.). Brown asserts that she was not aware that she needed to inform MedFirst of the suit or that MedFirst's insurance carrier would provide counsel as she believed SCDC was responding to the lawsuit on her behalf.  (Id.). After receiving the call from SCDC counsel, Brown immediately contacted the President of MedFirst, Capers Easterby. (Id.).

Defendant submitted the affidavit of Capers Easterby, President of MedFirst Staffing, LLC

who attests that Marchelle Brown is a registered nurse employed by MedFirst and works at Lieber Correctional Institution in that capacity. (Doc. # 32-3). Easterby was notified by Nurse Brown *via* telephone on July 8, 2015, that she had been served with the Summons and Complaint. (Id.). Based on their conversations, Easterby understood that Brown had not provided him with the suit papers before this point because she believed the SCDC was handling the matter. (Id.). On July 8, 2015, Easterby received an email from the General Counsel for the SCDC advising that Nurse Brown had been named in the lawsuit. (Id.). Easterby forwarded the papers via email to MedFirst's insurance broker, Karen Cooper, at Capstone Insurance Services with the expectation that Capstone would promptly notify MedFirst's insurance carrier of the claim and provide the carrier with the lawsuit papers. (Id.).

Defendant submitted the affidavit of Jessica Anderson who attests that she is the Chief Claims Specialist with RSUI Group, Inc. (Doc. #32-4). This claim involving Nurse Brown was received on July 13, 2015, and a determination was made that the claim should be sent to Professional Liability Claims for handling. (Id.). The claim was assigned to Jessica Anderson on July 14, 2015. (Id.). However, she left the office on July 14, 2015 and did not return until July 21, 2015. (Id.).

Defendant asserts that upon returning, Ms. Anderson immediately assigned counsel to represent Nurse Brown on July 21, 2015, who received the case that afternoon. Counsel for Nurse Brown filed her answer on July 22, 2015. Plaintiff filed his request for entry of default on July 23, 2015, but no default judgment has been entered.

Brown asserts that good cause exits under Rule 55 of the Fed. R. C. P. to deny the default and to except the answer as timely filed. Pursuant to Rule 55(c) of the Federal Rules of Civil

Procedure, the court may set aside the entry of default for good cause. This rule "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir.1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir.1969)). The primary factors to consider when reviewing a motion to set aside default under Rule 55(c) are prejudice to the non-moving party and whether a meritorious defense is presented. Central Operating Co. v. Utility Workers of Am., AFL–CIO, 491 F.2d 245 (4th Cir.1974). A meritorious defense is presented where the moving party makes a presentation or proffer of evidence which, if believed, would permit the court to find for the defaulting party. United States v. Moradi, 673 F.2d 725 (4th Cir.1982). The court may also consider whether or not the moving party acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the opposing party, whether there is a history of dilatory action, and the availability of less drastic sanctions. Lolatchy, 816 F.2d at 953.

  Considering the standard, the arguments, and the evidence submitted, it is recommended that Plaintiff's request for entry of default be denied as Defendant Brown has presented good cause to overcome any default. Brown does not have legal training, she acted with promptness when she first received the suit papers by immediately going to the Warden where she was instructed not to do anything but wait on SCDC counsel to contact her. Once she was informed by the SCDC counsel that she was not represented because she was not an employee but needed to give the papers to her employer to notify their insurance company, she acted with promptness in contacting the President of MedFirst.  Nurse Brown's answer was eight days late.  She acted with diligence and the requisite promptness in opposing Plaintiff's request for an entry of default. Nurse Brown has filed a partial motion to dismiss as to any medical malpractice claims as Plaintiff did not comply with S.C. Code

Ann. 15-79-125 and 15-36-100 by providing the Notice of Intent and an affidavit of an expert witness at the time of filing the action. As to claims of medical indifference, Brown has raised numerous defenses in her answer. Additionally, Nurse Brown acted with promptness throughout. She provided the Summons and Complaint to MedFirst immediately upon learning SCDC would not be responding on her behalf. That same day, MedFirst forwarded the suit papers to its insurance broker who did not forward the Summons and Complaint to the carrier until July 13, 2015. Thus, the late answer is not attributable to Nurse Brown based on delay or failure to act on her part. Plaintiff will suffer no prejudice as discovery has not taken place and the parties have moved to extend all the deadlines set forth in the scheduling order. Accordingly, it is recommended that entry of default be denied as to Defendant Brown as she has shown good cause pursuant to Rule 55 of the Fed. R. C. P.

For the reasons set forth above establishing good cause, including but not limited to, no prejudice to the Plaintiff, diligence on behalf of Nurse Brown, the short delay, and the timing of the suit papers arrival in Karen Cooper's office, it is recommended that Nurse Brown's motion to enlarge the time to answer be granted based on excusable neglect pursuant to Rule 6(b)(1)(B) and her answer be deemed timely filed.

**Motion to Dismiss as to Medical Malpractice Claims by Defendant Brown**

Defendant Brown filed a partial motion to dismiss as to any claims by Plaintiff for medical malpractice. Plaintiff filed an objection asserting that "[t]his is not a medical malpractice suit and the plaintiff has never had any intention of making it such." (Doc. #50).

Medical malpractice claims are not actionable under §1983. Furthermore, even if Plaintiff

5

was attempting to file a medical malpractice suit against Defendant Brown, he has not complied with the requirements of S.C. Code Ann. 15-79-110 and 15-36-100 for filing medical malpractice claims. Plaintiff did not file a notice of intent to file suit and did not file an affidavit of an expert witness prior to filing suit. A plaintiff alleging a medical malpractice claim must prove by a preponderance of the evidence the following:

> (a)   the recognized and generally accepted standards, practices, and procedure in the community which would be exercised by competent physicians in the same specialty under the same circumstances;
>
> (b)   that the physician or medical personnel negligently deviated from the generally accepted standards, practices, and procedures;
>
> (c)   that such negligent deviation from the generally accepted standards, practices, and procedures was a proximate cause of the plaintiff's injury; and
>
> (d)   that the plaintiff was injured.

Dumont v. United States, 80 F.Supp.2d 576, 581 (D.S.C.2000) (internal citations omitted). Furthermore, the plaintiff must establish by expert testimony both the "standard of care and the defendant's failure to conform to the required standard, unless the subject matter is of common knowledge or experience so that no special learning is needed to evaluate the defendant's conduct." Martasin v. Hilton Head Health Sys. L.P., 364 S.C. 430, 613 S.E.2d 795, 799 (2005) (citation omitted). In South Carolina, the burden of proof in a medical malpractice case is entirely on the plaintiff. Dumont, 80 F.Supp.2d at 581. Therefore, it is recommended that any claim that could be construed as a claim for medical malpractice be dismissed.

**Default as to Defendants**

Plaintiff filed a Request for Entry of Default as to Defendants Ackerman, Brighhart,

Hamilton, Miller, Thompson, and Unknown Male Black Officer (Defendants). Defendants filed a response in opposition asserting that they timely responded to Plaintiff's complaint based on the court's order granting their motion for extension of time to answer.

On June 11, 2015, Defendants filed a motion for extension of time to file an answer. (Doc. #17). The motion was granted and the time to answer was extended up to and including July 11, 2015. (Doc. #18). Defendants filed an answer on July 10, 2015. (Doc. #24). Therefore, it is recommended that Plaintiff's Request for Entry of Default (doc. # 28) be denied.

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that Plaintiff's Request for Entry of Default be DENIED, that Defendant Brown's motion for an enlargement of time to answer and accept her Answer as timely filed be GRANTED, and that Defendant Brown's motion to dismiss any medical malpractice claims by Plaintiff for failure to comply with statutory pre-suit requirements (Doc. # 32) be GRANTED.[2]

IT IS FURTHER RECOMMENDED that Plaintiff's Request of Entry of Default as to Defendants (doc. #28) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 30, 2015
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2] Defendant Brown did not request that the claims for medical indifference be dismissed. Additionally, this report and recommendation does not address the merits of Plaintiff's claims of medical indifference on the part of this Defendant. Therefore, those claims are still viable.