UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DONSURVI CHISOLM, ) | C/A No. 4:15-1806-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ASSOCIATE WARDEN THOMPSON, CAPT. ) | |
| BRIGHTHART, LT. MILLER, OFFICER ACKERMAN, ) | |
| UNKNOWN MALE BLACK OFFICER, NURSE ) | |
| MICHELLE K. BROWN, ) | |
| ) | |
| Defendants. ) | |

_____

Presently before the court are Plaintiff's motion to compel, second motion to amend the complaint, and motion for hearing and final ruling on the motion to compel. (Docs. #64, #78, and #80). Defendants (except Defendant Brown) (hereinafter referred to as "Defendants") filed responses to the motions, and Plaintiff filed replies.

Plaintiff filed a motion to compel discovery on October 9, 2015. Defendants filed a response in opposition to the motion to compel attaching a copy of their responses to discovery. In the response, Defendants assert that they responded to Plaintiff's request to produce and provided all responsive documentation. Plaintiff filed a reply.

In his Motion to Compel, Plaintiff seeks an order compelling the production of certain documents and responses to interrogatories. Plaintiff's Request for Production of documents to Defendants referenced in his motion and their responses are as follows[1]:

<u>Request No. 2</u>:     All documentation, videos, reports, recordings, in house

---

[1] In the motion to compel, Plaintiff numbered the Requests to Produce as #1-4. However, in the original discovery requests, he numbered the Requests as 2-5. Therefore, the Requests will be referred to as Requests #2-5.

|||
|---|---|
| | paperwork, security logs, etc. that make any reference to, report, log, reproduction or explanation of the events that took place on July 3, 2014 in SMU of Lieber Correctional Institute concerning DonSurvi Chisolm. |
| Response: | Defendants have attached copies of log books from July 3, 2014 and an MIN which was prepared in relation to the incident involving the Plaintiff on July 3, 2014. |

Defendants assert in their response to the motion to compel that they have no additional responsive documents in relation to this incident. Defendants' response to this request is sufficient. Therefore, Plaintiff's motion to compel with regard to this Request to Produce #2 is denied.

|||
|---|---|
| Request No. 3: | All documentation concerning the force movement of DonSurvi Chisolm. |
| Response: | Defendants are not aware of any force being used in relation to Plaintiff on July 3, 2014. |

Defendants assert in their response to the motion to compel that they are not aware of any force being used so there are no documents concerning the use of force. Defendants' response is sufficient. Therefore, Plaintiff's motion to compel with regard to this Request to Produce #3 is denied.

|||
|---|---|
| Request #4: | All documentation, logs, reports, in house paperwork, disciplinary reports, etc. concerning Chisolm, Sgt. Poindexter, Ofc. Ringo and/or Ofc. Seabrook and a security violation in regards to the SMU computer room. |
| Response: | Defendants are aware of no responsive documents other than those submitted a response to Plaintiff's Request number 2 |

Defendants assert in their response to the motion to compel that they assume Plaintiff is referring to the matter which is the subject of his Complaint, and they provided the documents they have in

2

relation to this matter. Defendants' response to this request is sufficient as they state there is no further responsive documentation in relation to this incident. Therefore, Plaintiff's motion to compel with respect to Request to Produce #4 is denied.

Request #5:    The complete medical records of DonSurvi Chisolm.

Response:      Defendants have attached Plaintiff's medical records

Defendants assert that they already provided a copy of Plaintiff's complete medical records. Plaintiff replied that he had not received them. Therefore, in their response to Plaintiff's motion for a hearing and final ruling on the motion to compel, Defendants assert that they sent the Plaintiff another copy of his medical records and attached a copy of the letter resending Plaintiff his medical records. (Doc. #86). Therefore, the motion to compel with regard to this Request to Produce #5 is denied as moot.

In the motion to compel responses to interrogatories, Plaintiff references Interrogatories 1-5 to compel Officers Ackerman and Williams to respond. Plaintiff references Interrogatories 6-12 to compel Cpl Hamilton to respond. Defendants state that they have no record of receiving interrogatories for Officer Ackerman and Cpl. Hamilton, but would respond on their behalf within thirty days. Defendants object to responding to interrogatories for Officer Williams as he is not a party to this action. As Defendants stated that they would respond to the interrogatories on behalf of Officer Ackerman and Cpl. Hamilton, the motion to compel for responses to these interrogatories is denied as moot.

Plaintiff asserts that Defendants Thompson, Brightharp, and Miller did not fully respond to Interrogatories 11-14 and 18-19. Defendants argue that Interrogatories 11-14 were only directed to Defendants Thompson and Brightharp, and they properly responded. Plaintiff's Interrogatories and Defendants responses with regard to Interrogatories 11-14 ("Directed to Capt. Brightharp and

3

A.W.Thompson") are as follows:

> Interrogatory 11:   Were you informed of the force movement of DonSurvi Chisolm? (July 3, 2014)?
>
> Response:   Defendant Thompson states that he does not recall being notified of this incident or responding to the scene after the incident involving Plaintiff occurred and has no direct information concerning this incident. Defendant Brightharp would state he is not aware of any force being used in relation to Plaintiff on July 3, 2014.

In their response to the motion to compel, Defendants state that they have properly responded to this Interrogatory. Defendants assert they have no information with regard to this incident. Therefore, Defendants' response is sufficient, and Plaintiff's motion to compel with respect to Interrogatory 11 is denied.

> Interrogatory #12:   Did you authorize the force movement on inmate DonSurvi Chisolmn? (July 3rd, 2014)?
>
> Response:   Defendants Thompson states that he does not recall being notified of this incident or responding to the scene after the incident involving Plaintiff occurred and has no direct information concerning his incident. Defendant Brightharp would state he is not aware of any force being used in relation to Plaintiff on July 3, 2014.

Defendants maintain they have properly responded to Plaintiff's Interrogatory. Defendants response is sufficient and the motion to compel as to Interrogatory # 12 is denied.

> Interrogatory #13:   Did you order the force movement of DonSurvi Chisolm (July 3rd 2014)?
>
> Response:   Defendant Thompson states that he does not recall being notified of this incident ro responding to the scene after the incident involving Plaintiff occurred and has no direct information concerning this incident. Defendant Brightharp

> would state he is not aware of any force being used in relation to Plaintiff on July 3, 2014."

Defendants maintain they have properly responded to this Interrogatory. Defendants response is sufficient and the motion to compel with regard to Interrogatory #13 is denied.

Interrogatory 14: Who authorized the force movement of DonSurvi Chisolm? (July 3, 2014)?

Response: Defendant Thompson states that he does not recall being notified of this incident ro responding to the scene after the incident involving Plaintiff occurred and has no direct information concerning this incident. Defendant Brightharp would state he is not aware of any force being used in relation to Plaintiff on July 3, 2014.

Defendants have responded appropriately and the motion to compel with regard to Interrogatory #14 is denied.

Plaintiff's Interrogatories and Defendants responses with regard to Interrogatories 18-19 ("Directed to Defendants Miller and Brightharp are as follows:

| | |
|---|---|
| Interrogatory 18: | Did you supervise the force movement of DonSurvi Shisolm on July 3, 2014? |
| Response: | Defendants are not aware of any force being used in relation to Plaintiff on July 3, 2014. |
| Interrogatory 19: | Which officers were involved in the force movement of DonSurvi Chisolm? |
| Response: | Defendants are not aware of any force being used in relation to Plaintiff on July 3, 2014. |

Defendants have sufficiently responded and the motion to compel with regard to Interrogatories #18 and #19 are denied.

On November 20, 2015, Plaintiff filed a motion entitled "Plaintiff's Request for Hearing and Reconsideration to compel Discovery. (Doc. #80). In this motion, Plaintiff requests a "a hearing and

final ruling concerning the Plaintiff's motion to compel discovery in the above mentioned case." Id. Defendants filed a response in opposition asserting that they responded to the motion to compel and that they sent another copy of his medical records since he asserted he had not received them and provided the names of inmates housed in the unit where the incident occurred. Defendants also responds to Plaintiff requests within this motion to have the right to correspond with the other inmates housed in the unit at the time of the incident. Defendants oppose this motion based on security risk and policy asserting there were 68 other inmates housed in the unit at the time and SCDC policy specifically prohibits inmates from corresponding with each other except under limited circumstances. Defendants assert inmates are allowed to correspond with immediate family members and inmates who are involved in a joint legal action are allowed to correspond as long as the correspondence in related to the legal action only. Defendants argue that neither of these circumstances apply in the present case. Defendants assert that this policy is in place for security purposes. Plaintiff fails to specify why correspondence with this entire group is necessary. However, Defendants assert that in the interest of fairness, they will allow Plaintiff to correspond with the individual he specifically identified, inmate Brandon M. Moses (SCDC #344718).

Plaintiff's motion for a hearing ruling on the motion to compel (doc. #80) is DENIED. Plaintiff's motion to compel is ruled on within this order and a hearing is not necessary. Additionally, Defendants have provided Plaintiff with another copy of his medical records, provided the names of inmates housed in the unit where the incident occurred, and agreed for Plaintiff to correspond with inmate Moses on his pending legal action.

Plaintiff filed a second motion to amend his complaint requesting that he be allowed to amend his complaint to identify Officer Jenkins and Officer Gilliard as officers that participated in

his movement. (Docs. #78 and #81). Defendants filed a response in opposition asserting that Plaintiff did not attach a copy of a proposed complaint, they have filed a motion for summary judgment , and they have expended considerable time and resources so that Plaintiff should not be allowed to amend. (Doc. #81).  Plaintiff filed a reply arguing that he does not want to amend his entire complaint but only to identify "they" in four sentences and to replace "they" with the names of Officer Jenkins and Officer Gilliard. (Doc. # 83).  Plaintiff's second motion to amend is denied.  It is noted that Plaintiff has identified who "they" are, however, Plaintiff fails to show the need in amending the complaint for a second time to identify two officers within the allegations of the complaint.

      IT IS SO ORDERED.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

December 30, 2015
Florence, South Carolina