UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DONSURVI CHISOLM, ) | C/A No. 4:15-1806-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| ASSOCIATE WARDEN THOMPSON, CAPT. ) | |
| BRIGHTHART, LT. MILLER, CPL. ) | |
| HAMILTON, OFC. ACKERMAN, UNKNOWN ) | |
| MALE BLACK OFFICER, AND NURSE ) | |
| MARCHELLE K. BROWN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **PROCEDURAL BACKGROUND**

Plaintiff, a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on April 28, 2015, alleging a violation of his constitutional rights. Plaintiff is currently housed at the McCormick Correctional Institution. At all times relevant to the allegations contained in the complaint, Plaintiff was housed at Lieber Correctional Institution (LCI). On January 21, 2016, Defendant Nurse Brown filed a motion for summary judgment. As the Plaintiff is proceeding *pro se*, the court issued an order on or about January 22, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response on

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

February 16, 2016.

# DISCUSSION

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317.

Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

     To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through

"depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ARGUMENT OF PARTIES/ ANALYSIS

On July 3, 2014, while an inmate at LCI housed in the Special Management Unit (SMU), Plaintiff alleges that he fell down the stairs while returning to his cell from the computer room injuring his back and shoulder. (Complaint). Plaintiff was placed in the computer room to work on "Lawwork" by Officer Simmons and Corporal Hamilton. Id. Plaintiff asserts that he was in belly chains and cuffs but not leg restraints. Id. Plaintiff alleges that he noticed the door to the computer room was not secure pursuant to SCDC policy. Id. Plaintiff states that he left the computer room with the intention of going back to his upstairs cell to wait on the officers to return to let him in his cell. Id. Chisolm alleges that he "headed up the stairs and apparently fell down the stairs and lost consciousness" when numerous inmates began making noise to gain the officers attention. Id. Plaintiff alleges that he was awakened by Officer Simmons who was "lightly tapping him in the face." Id. Plaintiff contends that he immediately asked for medical attention and while waiting, numerous officers

4

gathered in the area where he had fallen. Nurse Brown came to him, and he informed her of his injuries. Plaintiff told Nurse Brown that he was in pain and did not want to move as instructed by her. Id. Nurse Brown proceeded to move his legs off of the bottom of the steps and reposition him away from the steps. Id. She told him he was fine and then left the area. Id. Plaintiff alleges medical indifference on her part. Id. Captain Brighthart, supervisor of SMU, came to Plaintiff and told him to get up and walk back to his room for security purposes. Id. Plaintiff told Capt. Brighthart that he was in pain and would not move himself and asked for proper medical attention. Id. Lt. Miller and Cpl. Hamilton came back to the area with numerous officers and supervised the use of force movement by picking him up and "drag him up the steps to his room" where he was positioned on his bed and left there without medical attention. Plaintiff asserts the action of the officers' was a violation of policy. Id. Plaintiff's cell mate attempted to get the attention of the supervisors due to Plaintiff continuing to ask for medical attention but was ignored by Capt. Brighthart and Cpl. Hamilton. Id. Nurse Brown came around in the afternoon for "pill pass" and told Plaintiff he just needed Motrin and rest and that he could sign up for sick call. Id. Plaintiff asserts that he received Ibuprofen on July 4, 2014, and was informed the pills were from the nurse. Id. Plaintiff alleges that he was seen in sick call on July 10, 2014,

by Nurse Arias[2] who refused his request for x-rays and an MRI. Id. Plaintiff was transferred to McCormick Correctional Institution on July 24, 2014, where he was seen by medical after signing up for sickcall. Id. Plaintiff alleges that after numerous x-rays and an MRI it was determined that he "did infact dislocate his shoulder." Id. Plaintiff alleges that he is/has received medication and physical therapy treatment. Id. Plaintiff seeks compensatory and punitive damages. Id.

Defendant Nurse Brown filed a motion for summary judgment asserting she is entitled to summary judgment based on the fact that she was not deliberately indifferent to Plaintiff's serious medical needs, that she is entitled to qualified immunity, and that the claims are barred by the Prison Litigation Reform Act. Defendant Brown submitted her affidavit in which she attests that she is a registered nurse licensed by the State of South Carolina having worked in the nursing field for approximately thirty (30) years. (Brown affidavit, doc. #109-2). Brown has been employed by MedFirst Staffing, LLC for approximately the last two and a half (2 ½) years and worked as a nurse in the SCDC. Id. On July 3, 2014, Nurse Brown was working at LCI when security escorted her to the SMU in response to an inmate's report that he had fallen. Id. After arriving in the SMU, she observed Plaintiff lying on the floor with his feet and lower legs on the last two steps complaining that he had

---

[2] Nurse Arias is not a named defendant in this action.

hurt his back and could not move. Id. Brown proceeded to examine Plaintiff, took his vitals, noted his skin was warm and intact, and his neurological checks were within normal limits. Id. Brown assessed Plaintiff's lower extremity range of motion and sensation finding his legs and feet were sensitive to the touch, he was able to slowly move his legs to align his posture, and he could raise his legs to 45 degrees without grimacing or complaining of pain which indicated a normal lumbar exam. Id. Brown was able to perform a visual examination of Plaintiff's lower back because he refused to move, he was alert to his surroundings, spoke calmly, and smiled at her throughout the examination. Id. Brown's assessment was complaints of lower back pain and told Plaintiff he could return to his cell. Id. However, Plaintiff asked for Elizabeth Holcomb, NP. Id. Brown called Nurse Practitioner Holcomb per Plaintiff's adamant request and discussed the results of her examination. Id. Holcomb agreed with Nurse Brown's assessment that Plaintiff could return to his cell. Id. Brown informed security there was no medical reason preventing Plaintiff from returning to his cell and left the SMU. Id. Brown was not present when Plaintiff was returned to his cell. Id. Later the same day, Nurse Brown spoke with Plaintiff at his cell door regarding his complaints and counseled him regarding Standing Order #27, the SCDC standard course of treatment for complaints of lower back pain, which recommends rest and the application of heat to the affected area, placement of a rolled towel under the lower

7

back, performance of Williams flexion exercises to strengthen the lower back, and use of over-the-counter pain medication. Id. Brown instructed Plaintiff to follow up with medical as needed and instructed the night medical staff to provide Plaintiff with Motrin as per Standing Order #27. Id. Brown noted in Plaintiff's medical chart as encounter # 46, her assessment and examination which is a truthful and accurate summary of Plaintiff's subjective complaints, objective observations based on the examination, her assessment of Plaintiff's condition, and the recommended treatment plan. Id. As noted in Plaintiff's medical chart, his only complaint was of lower back pain and at no time did he express to her that he had right shoulder pain. Id. Plaintiff's movements and behavior during the examination in the SMU and later encounter at his cell door did not indicate any injury or pain to his right shoulder. Id. Brown provided adequate and appropriate medical treatment to Plaintiff, used her professional judgment, and was not indifferent to his medical needs. Id.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008) (internal

quotation marks omitted).

To show a defendant's deliberate indifference to a serious medical need, a prisoner must allege the defendant knew of and disregarded "the risk posed by" that need. Id. "[A]n inadvertent failure to provide adequate medical care" does not satisfy the standard, and thus mere negligence in diagnosis or treatment is insufficient to state a constitutional claim. Estelle, 429 U.S. at 105–06, 97 S.Ct. 285. Such indifference can be displayed, however, through the response of prison doctors and other institutional personnel to an inmate's medical needs, including ignoring an inmate's serious condition or delaying medically necessary treatment. Id. "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir.2010) (vacating and remanding summary dismissal of complaint alleging three-month delay in dental treatment); see Smith v. Smith, 589 F.3d 736, 738–39 (4th Cir.2009) (finding claim of delay in administering prescribed medical treatment stated an Eighth Amendment claim).

Upon review of the record, Plaintiff fails to present evidence sufficient to create a genuine issue of material fact as to whether Defendant Nurse Brown was deliberately indifferent to his serious medical needs. Plaintiff asserts that Nurse Brown came to examine him but alleges she was indifferent to his medical needs asserting

that she only moved his legs and pronounced that he was fine. Nurse Brown was escorted to SMU and spoke with the Plaintiff, observed him, performed the evaluation to determine that he could return to his cell, and consulted Nurse Practitioner Holcomb upon Plaintiff's request. Later in the same day, Nurse Brown spoke with and observed Plaintiff in his cell, instructed Plaintiff on what he needed to do for lower back pain, instructed the night medical staff to provide Plaintiff with Motrin, and told Plaintiff to follow up with medical as needed. Even if Plaintiff's allegations are true, he has shown nothing more than a disagreement with the medical treatment provided, not that he was completely denied treatment by this Defendant. In other words, Plaintiff's allegations are not for deliberate indifference to medical care but merely a disagreement with treatment. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice" Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Any disagreement between an inmate and medical personnel generally fails to state a claim.

Furthermore, if Plaintiff is attempting to file a medical malpractice claim, it fails. Plaintiff has not complied with the requirements of S.C. Code Ann. 15-79-110 and 15-36-100 for filing medical malpractice claims. Plaintiff did not file a notice of intent to file suit and did not file an affidavit of an expert witness prior to filing suit.

## **QUALIFIED IMMUNITY**

Defendant Brown denies that she violated Plaintiff's constitutional or statutory rights. However, Defendant Brown asserts that, even if this Court concludes that the facts are sufficient to establish a Constitutional claim, she is entitled to qualified immunity.

> The doctrine of qualified immunity attempts to reconcile two potentially conflicting principles: the need to deter government officials from violating an individual's federal civil rights and the need for government officials to act decisively without undue fear of judicial second guessing.

Akers v. Caperton, 998 F.2d 220, 225-26 (4th Cir. 1993).

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether Defendant is protected by this immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth

Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, the Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. However, even if there was a violation, Defendant Brown is entitled to qualified immunity. Defendant Brown did not transgress any statutory or constitutional rights of Plaintiff of which she was aware in the exercise of her respective professional judgment. Thus, the undersigned recommends that summary judgment be granted as to Defendant Brown.

## **CONCLUSION**

The Plaintiff has failed to show that Defendant Brown violated any of his

constitutional or statutory rights under 42 U.S.C. § 1983.  It is therefore, for the reasons stated herein,

RECOMMENDED that the Defendant Brown's motion for summary judgment (doc. # 109) be GRANTED IN ITS ENTIRETY and the case dismissed and Plaintiff's motion for summary judgment (Doc. #91) be DENIED.

IT IS FURTHER RECOMMENDED that any outstanding motions be deemed MOOT.

                                        Respectfully submitted,


                                        s/Thomas E. Rogers, III
February 24, 2016                       Thomas E. Rogers, III
Florence, South Carolina                United States Magistrate Judge

The parties' attention is directed to the important information on the attached notice.

13